## 12441

### JOHNSON v. BREEDIN

#### (143 S. E., 17)

1. APPEAL AND ERROR—DEFENDANT FAILING TO OBJECT TO ORDER DIRECTING DOCKETING OF CASE CANNOT COMPLAIN THEREOF ON APPEAL.—Defendant, having acquiesced in docketing of case for trial within 14 days prior to opening of Court, by failing to object to order directing same when matter was first called for hearing, cannot complain thereof on appeal.

2. COSTS—SELLER WHO REFUSED TO RETURN NOTE FOR PRICE AFTER PAYMENT BY CHECK AND NEW NOTE HELD NOT ENTITLED TO ATTORNEY'S FEES AND COSTS, WHERE BUYER REFUSED TO PAY NEW NOTE BY REASON THEREOF.—Where plaintiff, in action for claim and delivery for possession of automobile or value of same, had failed to return old note on execution of new note and check in payment thereof after demand therefor, or to furnish indemnity bond as prerequisite to payment of balance due, he was not entitled to recover attorney's fees or costs of such action.

Before BONHAM, J., Anderson, July, 1926. Modified, and, as modified, affirmed.

Action by Joe B. Johnson against C. S. Breedin. Judgment for plaintiff, and defendant appeals.

Mr. Leon L. Rice, for appellant, cites: *Payment of lost note:* 83 S. C., 300; 2 Spear, 193; 2 Bailey, 427; 2 Hill, Ep., 371; Dudley, Ep., 85.

Mr. J. Alex Neely, Jr., for respondent, cites: *Sham and irrelevant answers and defenses may be stricken out on motion, and upon such terms as the Court may in its discretion impose:* Sec. 413, Code Proc. *Motions may be made to a judge or justice out of Court, except for new trial on the merits:* Sec. 754, Code Proc. *Appeal:* Sec. 638, Code Proc. *Surety:* Sec. 475, Code Proc.

May 1, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action in claim and delivery for the possession of an automobile or the value of same. The complaint, after stating in paragraph 1 that the plaintiff is a resident of Florida and the defendant is a resident of South Carolina, alleges:

"That the defendant purchased from the plaintiff, one Buick coupe, serial No. 1248833, motor No. 1298801, and at the time of purchase the defendant executed and delivered to the plaintiff a note and retention title contract or chattel mortgage over said automobile, securing payment for said car; that the defendant has failed to pay for said car, and that the condition of the note and contract or mortgage has been broken; that plaintiff is entitled to possession of the said automobile."

The plaintiff further alleges that the balance due and owing is the sum of $739.40, with interest and attorney's fees, and demands judgment for the amount stated, for the possession of the automobile described, and for costs of the action.

The defendant, answering, pleads his first defense as follows:

"That he admits the allegations of paragraph 1, but denies that plaintiff is entitled to the possession of the automobile described in the complaint for the reason that defendant gave a note to plaintiff, together with check to take up a note for $1,478.79, held by plaintiff, but that plaintiff has failed and refused to deliver up said note so paid by defendant, and likewise refuses to indemnify defendant against loss or damage through the said note if it should hereafter be presented by some holder in due course or other purchaser for value.

"That defendant has repeatedly requested plaintiff to return his note for $1,478.79 and has offered to pay the balance due on the debt represented by said note if plaintiff would make bond in a surety company to indemnify him against loss, and defendant now stands ready and willing to pay said note, either upon the surrender of said note or indemnification against loss, as this defendant has always been willing to do.

"That defendant denies that he is liable for attorney's fees or costs, and, having offered to pay upon the surrender of his note or indemnification against loss or damage by reason of its after-production, he having fully answered, asks that the complaint be dismissed with costs."

He also sets up a counterclaim in the sum of $1,500 for damages alleged to have been suffered by him by reason of the plaintiff's alleged high-handed acts in refusing to indemnify him against loss, in harassing him by letters and telegrams, in holding him up to scorn without just cause or excuse, and in resorting to attachment proceedings for the possession of the car, etc.

Some time after service of the answer, plaintiff's counsel served upon defendant's counsel the following notice:

"You will please take notice that on June 23d at 10 o'clock a. m. or as soon thereafter as counsel can be heard, the plaintiff will move before his Honor Judge M. L. Bon-

ham, presiding Judge, at the courthouse, Anderson, S. C., to strike out the answer as frivolous and for judgment:

"(1) For the possession of the automobile described in the complaint, or, if possession cannot be had, for its value as shown in the complaint.

"(2) For dismissal of the counterclaim.

"(3) For the costs of the action."

When the matter came on for hearing before Judge Bonham on the date named, the Court announced that he would order the case docketed and would hear the motion on the following Wednesday. Counsel for defendant was present and made no objection to this arrangement. When the case was called on Wednesday, counsel for defendant was not present and could not be found in the city. The case was then placed on the docket, and the motion was heard by Judge Bonham, who instructed the plaintiff's attorney to prepare an order granting the relief sought. On the next day defendant's counsel objected to the order on the ground that the case had not been properly docketed. On the following morning Judge Bonham took testimony as to the value of the car and made the order which follows:

"The plaintiff having moved to strike out the answer of the defendant, and for judgment, after argument and the taking of testimony in open Court, it is ordered:

"That the answer of defendant be stricken out, because it is shown that the amount due plaintiff by defendant is the sum of $889.98, and plaintiff is given judgment against defendant for this sum and for costs.

"That the plaintiff have judgment against the defendant for the possession of the automobile described in the complaint or for $869, the value thereof, if possession cannot be had.

"That the plaintiff be required before enforcing his judgment to give a bond in the sum of $1,500, to be approved by the clerk of court, to indemnify the defendant against loss or damage on account of the note which defendant in his

6—S. C. R.—145

answer alleges to be lost. The clerk on approving said bond shall issue execution on plaintiff's judgment unless it be paid or the automobile be surrendered to plaintiff."

The defendant appeals from this order and alleges that the Circuit Judge committed error: (1) In ordering the case docketed for trial within 14 days prior to the opening of the Court, and without notice to defendant's counsel; (2) in striking out the answer of the defendant as frivolous when the answer raised defenses that the Court recognized as being meritorious by requiring the plaintiff to give bond before he could enforce his judgment; and (3) in giving judgment against the defendant for attorney's fees and costs.

It is undisputed that the note sued upon is not the original note, but is one given in part payment of the old note, and to that extent a renewal of same. It is not clear whether the respondent simply refused to give up the old note when paid in part by check and in part by the renewal note, or whether the same was lost; but it is not denied that appellant made demand upon the respondent for the old note or an indemnity bond, and that the respondent refused to comply.

We need only refer to the first assignment of error. The appellant, having acquiesced in the docketing of the case, by failing to object to the order directing same when the matter was first called for hearing, cannot now be heard to complain.

The appellant's counsel, with respect to the order issued by Judge Bonham, says that if the appellant was right in demanding that the respondent deliver to him the old note or an indemnity bond as a condition precedent to the enforcement of his claim for the balance of the debt owing him by the appellant, as the Court by its order decided, then it could not be consistently held that appellant's answer raising this point was frivolous. The respondent says that the portion of the Court's order requiring him to execute the bond before enforcing his judgment was error, but that he

chose to execute the bond rather than to appeal from this erroneous holding, as that course was considered to be the less expensive.

It appears from the order made by the trial Judge that, on hearing the motion to strike out the answer, he considered the whole case with respect to the rights of the parties as alleged in the pleadings, and elected to treat the matter as one in equity and to pass such order as would do substantial justice between the parties. It is clear that, if the contention of the appellant was without merit, the Circuit Judge was in error in requiring the respondent to execute an indemnity bond before he could enforce the collection of the judgment. It is evident that, in placing upon the respondent this requirement, the Court concluded that the appellant's contention was a just one, and that under the allegations of his answer, he was entitled, as a matter of equity, to the protection of an indemnity bond before being required to pay the balance of the amount owing. The respondent, through his failure to appeal from this equitable provision of the Court's order and his compliance therewith by the execution of the bond, may be taken to admit the justice of the appellant's demand as made in the first instance; and the appellant, having received the benefit of his demand made as a prerequisite to the payment of the balance owing by him, cannot now complain as to this provision of the order. We shall, therefore, as did the Circuit Judge, treat the matter as one in equity.

In the first place, the Court correctly struck out the appellant's counterclaim as being frivolous and not supported by pleaded facts constituting a cause of action, and the appellant in his argument very properly makes no contention with respect to his counterclaim.

It is not disputed that the respondent is entitled to the balance, principal, and interest of the debt owing him, or if that sum is not paid, to the possession of the automobile. But since it was concluded by the Court below that the appellant's demand for the old note or an in-

demnity bond as a prerequisite to the payment of the balance due was equitable, and as the respondent made no objection to this requirement of the Court, but has done now under the Court's order what the appellant, in the first instance, demanded, the respondent is seen to be clearly in the wrong and therefore not entitled to attorney's fees or to the costs of the action.

Unquestionably, it is lax business practice, though frequently followed, to pay a note and leave it in the hands of the holder, and one who does so places himself, in a measure, at the mercy of the other party. The proper procedure, of course, is to pay the note upon its due presentment and surrender. However such laxity does not excuse a holder of a note who, after the note is paid in reliance upon fair dealing, fails to deliver it or to make such satisfactory arrangements as will save the maker or payer harmless, and such failure cannot be too severely condemned.

It is the judgment of this Court that the order of the Circuit Judge be modified to the extent that the judgment against the defendant be reduced $80.90 by striking off the attorney's fees, and that the plaintiff pay the costs of the action. In other respects the judgment of the Circuit Court is affirmed.

As the appellant has obtained substantial relief by his appeal, the respondent must pay the costs of the appeal. And it is so ordered.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.